IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**DETRICH BEASLEY**                                                                          **PLAINTIFF**

v.                                            Case No. 4:21-cv-_____

**SAMSAND, LLC**                                                                              **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Detrich Beasley, by and through his or her attorney Chris Burks of WH LAW, for his Complaint against Defendant SamSand, LLC, he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action for wages owed. Defendant SamSand, LLC, is a provider of fracking proppants to industrial producers in the oil and gas industry with a location at 2327 Miller County Rd. 381 S., Garland, AR 71839.

2. Plaintiff worked for Defendant as a truck driver at its Miller County facility from approximately April 12, 2021 to May 6, 2021 at a base pay rate of $13.00 per hour. During the week of April 19-25, 2021, Plaintiff worked approximately thirty-hours hours and was paid for only 28.58 hours for a gross pay of $371.54, and an hourly average pay of $9.77 for that week. During the weeks of April 26 to May 2, 2021 and May 3 to May 9, 2021, Plaintiff worked forty-two (42) hours each week. Defendant has failed to pay Plaintiff for any of the hours worked during these final two weeks.

3. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq.* ("AMWA") for declaratory judgment, monetary damages, liquidated damages, prejudgment

interest, and costs, including a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiff minimum wages as required by the FLSA and AMWA.

4. Defendant's policies violate the FLSA because Plaintiff was not compensated at a minimum of $7.25 per hour.

5. Defendant's policies violate the AMWA because Plaintiff was not compensated at a minimum of $11.00 per hour.

6. Plaintiff seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendants' failure to pay minimum wages under the FLSA and the AMWA.

7. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

8. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

9. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

10. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

11. The acts complained of herein were committed and had their principal effect within the Western Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

12. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

13. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

14. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

### III. THE PARTIES

15. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

16. Plaintiff is a resident and citizen of Arkansas.

17. Plaintiff worked for Defendant at times during the three years preceding the filing of this Complaint.

18. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

19. Defendant SamSand, LLC is a domestic limited liability company, registered and licensed to do business in the State of Arkansas.

20. Defendant's registered agent for service of process is John C. Lessel, 11601 Pleasant Ridge Road, Sute 301, Little Rock, AR 72212.

21. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

22. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

23. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203.

### IV.     FACTUAL ALLEGATIONS

24. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

25. Plaintiff was employed by Defendant as a truck driver at the Garland facility during the time period relevant to this lawsuit.

26. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as an hourly-paid employee.

27. During the relevant time period Defendants paid Plaintiff $13.00 per hour for the first 28.58 hours he worked during the week of April 19 to April 25, 2021 and, and failed to pay him at all for the remaining approximately 13.42 hours worked, for a total rate of compensation of $8.86 per hour, and Defendant has failed to compensate Plaintiff at all for the approximately 42 hours worked by Plaintiff during the week of May 3 to May 9, 2021, in violation of the applicable minimum wages for both the FLSA and AMWA.

28. Plaintiff was entitled to wages and compensation based on the standard minimum wage for all hours worked.

29. Defendant knew, or showed reckless disregard for, whether the way they paid Plaintiff violated the FLSA and AMWA.

## IV. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

30. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

31. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

32. At all relevant times, Plaintiff has been an "employee" of the Defendant as defined by 29 U.S.C. § 203(e).

33. At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

34. Defendant failed to pay Plaintiff the minimum wages required under the FLSA.

35. At all relevant times, Defendant willfully failed and refused to compensate Plaintiff for all hours worked at the minimum wage under the FLSA because Defendant failed to pay Plaintiff for seventy-two (72) of the one-hundred-eight (108) total hours worked, for an average rate of compensation of $4.42 per hour paid to Plaintiff for work performed during the relevant time period.

36. Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage, less the amount of wages actually received.

37. Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

38. Plaintiff is entitled to an award of his attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

39. Alternatively, should the Court find that the Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## V.   SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA.

42. At all relevant times, Plaintiff has been an "employee" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

43. At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

44. Defendant failed to pay Plaintiff the minimum wages required under the AMWA for non-tipped work.

45.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

46.     Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

47.     Alternatively, should the Court find that the Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Detrich Beasley respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)     That the Defendant be summoned to appear and answer herein;

(B)     That the Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

(C)     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(D)     A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(E) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(F) Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid back wages at the applicable minimum wage from a period of three (3) years prior to this lawsuit through the date of trial owed to Plaintiff;

(H) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

(I) An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(J) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Detrich Beasley, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:   *Chris Burks*
      Chris Burks (ABN: 2010207)
      chris@wh.law